Filed 3/18/15  P. v. Diaz CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041162, H041365 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SSC130164A) |
| v. | |
| DAVID DIAZ, | |
| Defendant and Appellant. | |

Defendant David Diaz pleaded no contest to one count of felony hit and run causing permanent serious injury (Veh. Code, § 20001, subd. (b)(2)) and guilty to one count of misdemeanor driving on a suspended license, admitting three prior convictions for that same offense (*id*., § 14601.1).  On April 25, 2014, Diaz was ordered to serve a total of six months in jail and placed on formal probation for three years.  The court further ordered Diaz to pay various fines and fees, including a probation supervision fee of $81 per month.

In case No. H041162, Diaz appeals from the judgment of conviction, challenging the $81 monthly probation supervision fee on the basis the trial court failed to first determine his ability to pay that fee.  Because his counsel failed to object to the imposition of this fee at the sentencing hearing, he argues in the alternative that if this court finds the objection was forfeited, his counsel was ineffective.

Following a contested hearing on June 27, 2014, Diaz was ordered to pay a total of $1,070,913.72 in victim restitution. In case No. H041365, Diaz appeals from this restitution order.

In case No. H041162, we find the claim of error in imposing the probation supervision fee is forfeited by the failure to object below. We further find there was no ineffective assistance of counsel in the failure to object and will affirm the judgment of conviction.

In case No. H041365, we find no error and will affirm the order of restitution.

I.    FACTUAL AND PROCEDURAL BACKGROUND

A.    *The accident*

Around 8:00 a.m. on July 23, 2013, Soledad police responded to a report of a pedestrian being run over at the intersection of Palm Avenue and Third Street. The victim, 86-year-old Rafael Mendez, was seriously injured, but conscious. He told officers he was crossing the street, but could not recall being hit by a car. Because of his severe injuries, Mendez was airlifted to San Jose Regional Medical Center.

After Mendez was taken away, police interviewed two witnesses who had been driving behind a blue Chevrolet Silverado and saw it hit Mendez. The Silverado continued driving another 30 to 50 feet, then stopped. The witnesses saw the driver get out and look back. In the meantime, the witnesses had also gotten out of their car to assist Mendez.

The driver, who one of the witnesses recognized as "David," came over to where Mendez was lying in the street. The witnesses told the driver not to leave, but he told them he was just going back to park his truck on the side of the road. One of the witnesses took a picture of the truck as he did not believe the driver intended to stay on the scene. The driver was seen walking toward a house, then walking back to his truck where he opened the passenger door. Neither witness saw where the driver went after that, although he abandoned the Silverado.

2

Police determined the Silverado belonged to Elaine Maydon, Diaz's girlfriend. Three witnesses identified Diaz as the driver in a photographic lineup. Maydon told police Diaz had taken the Silverado on the day of the accident, but she had not heard from him since that day.

On July 26, 2013, Diaz called the investigating officers and left them a voicemail denying he was involved in the accident. He met with police the next day and said he knew nothing about the accident. Prior to being sentenced, Diaz was interviewed by his probation officer and insisted the truck had been stolen, claiming the eyewitnesses confused him with someone else. He said he was in San Jose at the time of the accident, but refused to name the person who could verify his alibi.

Mendez suffered a broken femur, fractured spine, punctured lung and a lacerated spleen. At the time of Diaz's sentencing, Mendez was confined to a wheelchair and required constant care for his daily needs.

### B. Plea agreement and sentencing

Diaz pleaded no contest to one count of felony hit and run causing permanent serious injury (Veh. Code, § 20001, subd. (b)(2)) and pleaded guilty to a misdemeanor charge of driving on a suspended license, admitting three prior convictions for that same offense (*id.*, § 14601.1).

According to the probation report prepared before sentencing, Diaz is unemployed but receives social security benefits because of a back injury. At sentencing, defense counsel confirmed that Diaz has been permanently disabled for the past 12 years due to this injury. In acknowledgement of his disability, the trial court struck the probation condition requiring Diaz to "[m]aintain gainful employment or become enrolled as an active full-time student."

At his April 25, 2014 sentencing hearing, Diaz was ordered to serve a total of six months in jail and was placed on formal probation for three years. The court further ordered Diaz to pay various fines and fees, including a probation supervision fee of $81

3

per month pursuant to Penal Code section 1203.1b. In case No. H041162, Diaz appeals from the judgment, arguing the trial court erred in imposing the $81 monthly probation supervision fee because it failed to first determine his ability to pay that fee.

### C. *Victim restitution hearing*

Following a contested hearing, Diaz was ordered to pay a total of $1,070,913.72 in victim restitution. In case No. H041365, Diaz appeals from the restitution order.

On our own motion, we ordered the two appeals considered together for oral argument and disposition. We affirm the judgment and the restitution order.

## II. DISCUSSION

### A. *Appeal in H041162*

Diaz argues the trial court erred in imposing a probation supervision fee as it failed to make a determination regarding his ability to pay such a fee. As a preliminary matter, he argues his failure to object to the imposition of that fee at his sentencing hearing does not mean he forfeited the right to challenge it on appeal.

The California Supreme Court recently disposed of this precise issue, holding that the failure to object at the sentencing hearing to the imposition of a probation supervision fee does indeed result in forfeiture of the right to challenge that fee on appeal. (*People v. Trujillo* (2015) 60 Cal.4th 850, 858.) We note, however, even though he has forfeited the claim on appeal, Diaz is not without recourse to seek modification or even outright vacation of the order imposing fees because "[t]he sentencing court as well as the probation officer . . . retains jurisdiction to address ability to pay issues throughout the probationary period." (*Id*. at p. 861.)

In the alternative, Diaz argues his trial counsel was ineffective for failing to object to the probation supervision fee at sentencing. The probation report noted that Diaz was not employed, and defense counsel acknowledged at the sentencing hearing that Diaz had been deemed to be "permanently disabled for the last 12 years." Diaz contends there was no tactical reason to not object to imposition of the fee. We disagree.

4

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.) However, " '[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.)

Here, Diaz has failed to show that defense counsel's performance was deficient. It is plausible defense counsel may not have objected because he considered the issue premature given that Diaz had not yet provided his probation officer with financial information which would allow for an evaluation of his ability to pay the fee. Although defense counsel raised the subject of Diaz's permanent disability, there was no evidence as to how much Diaz received in disability payments each month. Furthermore, the fact that Diaz was deemed permanently disabled related only to his ability to obtain a paycheck, not to his overall financial condition. Defense counsel may have been aware that Diaz had other assets which caused him to not object to the imposition of a monthly fee of $81. Without more evidence in the record to shed light on the reasonableness of the failure to object, we reject Diaz's ineffective assistance of counsel contention.

### B.  Appeal in H041365

This appeal follows the contested victim restitution hearing which took place on June 27, 2014, approximately two months after Diaz was sentenced.

We appointed counsel to represent Diaz in this court. Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues. We

5

notified Diaz of his right to submit written argument in his own behalf within 30 days. That period has elapsed, and we have received no written argument from Diaz.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## III.  DISPOSITION

In case No. H041162, the judgment is affirmed.  In case No. H041365, the order imposing victim restitution in the amount of $1,070,913.72 is affirmed.

_____
Premo, J.

WE CONCUR:



_____
Rushing, P.J.



_____
Elia, J.